**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE GONZALEZ CHAVEZ, AKA Jorge Luis Ganzalezchavez, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  19-70798 <br><br> Agency No. A204-229-169 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
Pasadena, California

Before:  KLEINFELD, CALLAHAN, and HIGGINSON,[***] Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Jorge Gonzalez Chavez claims the Board of Immigration Appeals erred by finding he was competent to participate in his removal proceedings due to his mental illness and prescription treatments. We review for abuse of discretion whether the Board clearly departed from its own standards. *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018). The Board exercised discretion appropriately when it held Chavez had a rational and factual understanding of the nature and object of his removal proceedings, could consult with his attorney, and had a reasonable opportunity to present evidence. *See Matter of M-A-M-,* 25 I. & N. Dec. 474, 474 (B.I.A. 2011).

Gonzalez Chavez further argues that the Board erred in denying his claims for asylum and withholding of removal. The Board's factual findings are reviewed for substantial evidence, but legal questions are reviewed de novo. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). Under the substantial evidence standard, we affirm the Board's decision unless compelled to conclude to the contrary. *Id.* Substantial evidence supports the Board's conclusion that petitioner's generalized speculations do not qualify as a reasonable fear of persecution on account of a statutorily protected ground. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003).

2

Because generalized fear does not establish a nexus to a protected ground, both the asylum and withholding of removal claims necessarily fail. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

Gonzalez Chavez also argues that the Board erred in denying relief under the Convention Against Torture (CAT). To qualify for CAT relief, the petitioner bears the burden of establishing that he will more likely than not be tortured with the consent or acquiescence of a public official if removed to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Past torture is a relevant factor in determining whether a petitioner will be tortured in the future. 8 C.F.R. § 1208.16(c)(3). Petitioner does not claim past torture, and substantial evidence supports the Board's conclusion that his hypothetical chain of future events failed to show he would probably be tortured by or with the consent of the Mexican government if returned to Mexico.

Because the Board affirmed the Immigration Judge on the merits, it did not need to address whether petitioner's asylum application was timely. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

3

The petition for review is **DENIED.**